## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| FREDERICK MANUEL | § | |
| | § | |
| V. | § | A-19-CV-764-RP |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and response to the Court's order to show cause (Document 6). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred.

## STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

Petitioner challenges his conviction in cause number D-1-DC-13-904096 out of Travis County, Texas. Petitioner was convicted of capital murder and sentenced to life without parole. The First Court of Appeals affirmed Petitioner's conviction on November 5, 2015. *Manuel v. State*, 481 S.W.3d 278 (Tex. App. Houston [1st Dist.] 2015, pet. ref'd). On April 6, 2016, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Manuel v. State*, No. PD-1651 (Tex. Crim. App.). Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner executed his state application on August 7, 2018. The Court of Criminal Appeals denied it without written order on April 17, 2019. *Ex parte Manuel*, No. 89,497-01.

B.  **Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His conviction was obtained by fraud making the rejection of a 20-year plea offer involuntary;

2. He received ineffective assistance of trial counsel; and

3. He received ineffective assistance of appellate counsel.

## DISCUSSION AND ANALYSIS

A.  **Statute of Limitations**

Petitioner's claims are barred by the applicable statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on July 5, 2016, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme

Court. *See* SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Petitioner had until July 5, 2017, to timely file his federal application. Petitioner did not execute his federal application until July 24, 2019, after the limitations period expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed more than a year after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence"

in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

## **CONCLUSION**

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on September 18, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE